IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LUCAS CRANOR, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 4:18-CV-00628-FJG ) |
| THE ZACK GROUP, INC., LYNN CARE, LLC, | ) ) ) |
| Defendants. | ) ) |

## JOINT MOTION TO EXTEND SCHEDULING ORDER DEADLINES

Pursuant to Fed. R. Civ. P. 6(b) and 16(b)(4), Plaintiff Lucas Cranor ("Plaintiff"), and Defendants Lynn Care, LLC ("Lynn Care") and The Zack Group, Inc. ("Zack Group") (collectively, "Defendants"), respectfully move the Court to extend all remaining deadlines in its scheduling Order (ECF No. 27) by 90 days to allow adequate time to complete discovery that is necessary for the parties to prepare or defend class certification, expert disclosures, and related briefing. Good cause exists to enlarge and extend the deadlines. In support of this Motion, Plaintiff and Defendants (collectively, the "Parties") state as follows:

## STATEMENT OF FACTS

1. This is a putative class action alleging Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), which prohibits, *inter alia*, the sending of text messages to cellular telephone numbers using an automatic telephone dialing system without prior express consent. *See Amended Class Action Compl.* ¶¶ 1, 5, 29–33, 40–43 (ECF No. 36).

2. The Parties agree that discovery bearing on Rule 23 class certification issues ("Class Discovery") will assist the Court in determining whether this action is suitable for

classwide resolution. *See*, *e.g.*, *Golan v. Veritas Entm't, LLC*, 2016 U.S. Dist. LEXIS 138103, at *5–6 (E.D. Mo. Oct. 5, 2016) ("The Eight Circuit has endorsed broad discovery prior to class certification."). The Court's direction and Scheduling Order contemplates a period for class discovery, expert designations, and class certification briefing.

3. The Parties held their Rule 26(f) conference on November 16, 2018, and Plaintiff then issued his first set of written Class Discovery the same afternoon. *See* ECF No. 20 ¶¶ 1–2.

4. Defendant Zack Group served its first set of written discovery to Plaintiff on December 12, 2018.

5. In order to investigate and obtain necessary information, Defendants sought and obtained a two-week extension to respond to the Class Discovery. *See* ECF Nos. 18, 22.

6. Defendants served their written responses to the Class Discovery, as well as responsive documents and ESI, on Friday, January 4, 2019.

7. On January 7, Plaintiff contacted counsel for Defendant in order to hold a Rule 37 conference to discuss certain alleged deficiencies in the responses so that Defendants would have time to supplement in advance of the MAP mediation scheduled to occur on January 30. Counsel for Defendants returned the undersigned's call the same day, and the Parties scheduled a Rule 37 conference for first thing the following morning.

8. The January 8 conference lasted over an hour. Defendants agreed to supplement in certain ways and agreed to consider additional supplementation and let Plaintiff know as soon as possible whether the additional supplementation would be forthcoming.

9. On January 9, Defendants supplemented their discovery and agreed to provide the additional supplementation as soon as possible.[1] In addition, counsel for the Parties held another

---

[1] Plaintiff issued a Missouri Freedom of Information Act request to the Missouri State Board of Nursing on January 10 in a further attempt to obtain Class Discovery as one of the texts

Rule 37 call on January 11 regarding other alleged deficiencies which, from Plaintiff's perspective, were imperative to address prior to the mediation.

10. On January 23 and 24, Defendants supplemented additional Class Discovery requests regarding the sources of the phone numbers texted, and stated that their investigation continues, is currently ongoing, and supplementation is not yet complete.

11. On January 25, Plaintiff deposed one of Defendants' employees relating to the text messages to Plaintiff.

12. Plaintiff issued Defendants a second set of document requests on Thursday, January 31 seeking additional materials related to the manner in which the phone numbers texted were obtained, which evidence Plaintiff contends is essential for the Parties' class expert disclosures and class certification briefing. Defendants' responses are not due until March 4.

13. On Monday, February 4, Plaintiff's counsel sent Defendants' counsel an extensive email detailing all other alleged inadequacies in the Class Discovery responses that Plaintiff believes are imperative to the Parties' class expert disclosures and class certification briefing, but did not need to be addressed prior to the mediation.

14. On February 7, counsel for the Parties held a Rule 37 call regarding other alleged deficiencies, which lasted over two hours. Defendants agreed to supplement the Class Discovery in numerous additional ways, with a target date of February 15 for some of the supplementation. Defendants estimate that some of this ongoing supplementation will be complete by February 15, but they are currently unable to estimate how long the remaining supplementation will take due in part to the need to obtain information from a third party. Defendants are working to come up with an estimated completion date for that remaining supplementation.

---

to Plaintiff asserted that Defendants obtained his information from the Missouri State Board of Nursing.

3
67257770.2
Case 4:18-cv-00628-FJG   Document 42   Filed 02/13/19   Page 3 of 9

15. Based upon the Parties' discussions, discovery cannot be completed by February 15, and it is currently unclear how much additional time it will take. Furthermore, the amount of time it may take is, in part, a function of obtaining information from a third-party source, TextUs, Inc.

16. Plaintiff issued a subpoena to TextUs seeking Class Discovery documents and data on February 4. The return date for the subpoena is February 15, *i.e.* the earliest return date that is reasonable given the scope of data sought.

17. Plaintiff also subpoenaed the deposition of TextUs, which has been set to take place in Denver, Colorado on February 26, provided TextUs is able to comply with the document subpoena by February 15 as well as be available for the deposition. To the extent it is not, the deposition will need to be rescheduled to a date after February 26.

18. On February 11, 2019, Plaintiff served a Rule 30(b)(6) deposition notice to Defendants.

19. Defendants intend to issue a deposition notice to Plaintiff.

20. In short, despite both parties diligently engaging in Class Discovery and cooperatively working to resolve their differences regarding those discovery responses without Court intervention as expeditiously as possible, the Parties will be unable to complete the Class Discovery, which is necessary for their class expert disclosures and class certification briefing to proceed, within the time frame contemplated by the Court's Scheduling Order.

## **ARGUMENT**

21. This Court has broad discretion to manage its cases, including scheduling. *Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043, 1048 (8th Cir. 2010).

22. Accordingly, Rule 16 provides that the Court may consent to modification of its scheduling order "for good cause." Fed. R. Civ. P. 16(b)(4). Likewise, Rule 6(b) provides that

the Court may, in its discretion and for good cause shown, enlarge a period of time for a party to act if the request for extension is made before the original time expires. Fed. R. Civ. P. 6(b)(1)(A). Specifically, Rule 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." "The determination as to what sort of neglect is considered excusable is an equitable one, taking account of all relevant circumstances surrounding the party's own omission." *Kaubisch*, 408 F.3d at 543 (internal quotations and citation omitted).")

23. It is well-established that discovery into issues relevant to class certification is warranted. *See Golan v Veritas Entm't, LLC*, 2016 U.S. Dist. LEXIS 138103 (E.D. Mo. October 5, 2016), at *5–6 (citing *Labrier v. State Farm Fire & Cas. Co.*, 314 F.R.D. 637, 641 (W.D. Mo. 2016), *Johnson v. Nekoosa-Edwards Paper Co.*, 558 F.2d 841, 845 n.5 (8th Cir. 1977) ("broad discovery should usually be permitted prior to class certification").

24. Here, the Class Discovery the Parties are working to complete is a necessary prerequisite to everything else remaining to be done in Phase I of this case. Specifically, Plaintiff cannot identify and retain any expert witnesses until he determines what type of expertise is needed, and he cannot make that determination without first receiving the electronic Class Discovery data on which the expert(s) will be opining. Before Plaintiff's and Defendants' respective experts can prepare reports, the written discovery and document productions of Defendant and third-party sources is required to be as complete as possible. In turn, in order for the Parties to determine whether rebuttal reports are necessary and, if so, prepare them. The initial reports must be served.

25. Similarly, class expert reports must be completed before Plaintiff can prepare his motion for class certification and before Defendants can respond.

26. The current expert disclosure dates (March 7, April 8, and May 7), class discovery cutoff (May 21), and deadline to seek class certification (June 11) do not allow sufficient time to accommodate the foregoing Class and related Discovery.

27. The Parties estimate that extending the current class expert disclosure dates, class discovery cutoff, and class certification briefing deadlines by 90 days each will allow sufficient time to complete the foregoing discovery. In addition, a 90-day extension of the deadlines for *Daubert* motions and Phase I status reports is necessary to avoid those materials becoming due before the extended deadlines for Class Discovery and class certification briefing, which extensions will improve utility and judicial economy.

28. The extensions sought will not interfere with the deadlines for dispositive motions or trial as the Court ordered bifurcated discovery, and thus, no such deadlines have been set.

29. This Motion is not being made for purposes of delay, but is instead made in the interest of justice so the Parties can conduct sufficient discovery on issues related to class certification prior to submitting expert reports and class certification briefing.

30. None of the deadlines the Parties seek to extend have passed.

31. Based on the foregoing, the Parties' respectfully submit that good cause exists for the Court to exercise its discretion to extend, by 90 days, each remaining Phase I deadline in its Scheduling Order. The Parties propose the following extended dates:

## Scheduling Index

| 1. | Close of discovery | August 21, 2019 |
|---|---|---|
| 2. | Motion for Class Certification | September 11, 2019 |
|    | Response | October 2, 2019 |
|    | Reply | October 23, 2019 |
| 3. | Asserting Party's expert report(s) | June 7, 2019 |
|    | Defending party's expert report(s) | July 8, 2019 |
|    | Rebuttal report(s) | August 7, 2019 |
|    | Challenges/*Daubert* motions | September 11, 2019 |
| 4. | Status reports | July 1, 2019 |

**WHEREFORE**, Plaintiff and Defendants respectfully request that the Court enter an Order extending by 90 days each of the following deadlines in the current Phase I scheduling Order (ECF No. 27): close of discovery; asserting party's expert reports; defending party's expert reports; rebuttal reports; *Daubert* motions; motion for class certification; response to motion for class certification; reply to motion for class certification; and status reports.

Dated: February 13, 2019

*/s/* Keith J. Keogh

Keith J. Keogh        (Pro Hac Vice)
Theodore H. Kuyper    (Pro Hac Vice)
KEOGH LAW, LTD.
55 W Monroe Street
Suite 3390
Chicago, Illinois 60603
(312) 726-1092
(312) 726-1093 (FAX)
keith@keoghlaw.com
tkuyper@keoghlaw.com

A.J. Stecklein        #16330
Michael H. Rapp       #25702
Stecklein & Rapp, Chartered
748 Ann Avenue
Kansas City, Kansas 66101
(913) 371-0727
(913) 371-0147 (FAX)
aj@kcconsumerlawyer.com
mr@kcconsumerlawyer.com

**Attorneys for Plaintiff and the Class**

*/s/* Mark A. Olthoff

Mark A. Olthoff       MO #38572
POLSINELLI PC
900 W 48th Place
Suite 900
Kansas City, Missouri 64112-1895
(816) 753-1000
(816) 753-1536 (FAX)
molthoff@polsinelli.com

**Attorney for Defendants**

**CERTIFICATE OF SERVICE**

      I hereby certify that, on February 13, 2019, I caused a copy of the foregoing ***Joint Motion to Extend Scheduling Order Deadlines*** to be served upon the following via email:

      Keith J. Keogh, Esq.
      Theodore H. Kuyper, Esq.
      Keogh Law, Ltd.
      55 W Monroe Street
      Suite 3390
      Chicago, IL 60603
      keith@keoghlaw.com
      tkuyper@keoghlaw.com

      A.J. Stecklein, Esq.
      Michael H. Rapp, Esq.
      Stecklein & Rapp, Chartered
      748 Ann Avenue
      Kansas City, KS 66101
      aj@kcconsumerlawyer.com
      mr@kcconsumerlawyer.com

      Attorneys for Plaintiff and the Class

                                */s/* Mark A. Olthoff
                                Attorney for Defendants