IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

LUCAS CRANOR, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

THE ZACK GROUP, INC., et al.,

    Defendants.

Case No. 4:18-CV-00628-FJG

## ORDER GRANTING FINAL APPROVAL

The court having held a final approval hearing on May 18, 2020, notice of the hearing having been duly given in accordance with this Court's Order (1) preliminarily approving class action settlement, (2) conditionally certifying a settlement class, (3) approving notice plan and (4) setting final approval hearing (the "preliminary approval order"), and having considered all matters submitted to it at the final approval hearing and otherwise, and finding no just reason for delay in entry of this final approval order and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. The Settlement Agreement and Release dated September 3, 2019, including its Exhibits (the "Agreement"), and the definition of words and terms contained therein, are incorporated by reference and are used hereafter. The terms and definitions of this Court's Preliminary Approval Order (Doc. No. 70) are also incorporated by reference into this Final Approval Order.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all Settlement Class Members with respect to the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order, as follows:

> (1) All persons in the United States (2) to whose cellular telephone number (3) Defendants placed a non-emergency text message (4) about Defendants' employment opportunities (5) using substantially the same system(s) used to text Plaintiff (6) within 4 years of August 14, 2018 (7) where Defendants obtained the number from a third party and (8) those numbers were not obtained from employees, CareerBuilder or Nurse Recruiter.

3. The Court hereby finds that the Agreement is the product of arm's length settlement negotiations between Plaintiff and Defendants.

4. The Court hereby finds and concludes that Class Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Agreement and that the Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

5. The Court further finds and concludes that the Class Notice and exclusion procedures set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Agreement and this Final Approval Order.

6. There were no objections or exclusions to the Agreement.

7. The Court hereby finally approves the Agreement and finds that the terms constitute, in all respects, a fair, reasonable and adequate settlement as to all

Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure.

8. The Court hereby finally certifies the Settlement Class for settlement purposes. The Court finds for settlement purposes that the Action satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure.

9. The Court hereby approves the plan of distribution for the Settlement Fund as set forth in the Agreement. The Claims Administrator will manage the administration process in cooperation with Class Counsel and Defendants' counsel and in accordance with this Agreement. All Settlement Class Members who do not opt out shall be paid by electronic payment or check, as set forth in the Agreement. Each Settlement Class Member shall receive one award, regardless of the number of text messages the Settlement Class Member received or how many mobile telephone numbers Defendants allegedly texted in connection with efforts to contact the Settlement Class Member. Each Settlement Class Member shall be awarded a pro rata share of the Settlement Fund after Settlement Costs are deducted.

10. This Court hereby dismisses this Action, with prejudice, without costs to any party, except as expressly provided for in the Agreement.

11. As of the Effective Date, the Plaintiff and each and every one of the Settlement Class Members unconditionally, fully and finally release and forever discharge the Released Parties from the Released Claims as fully set forth in the Agreement. In addition, any rights of Plaintiff and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable or equivalent laws will be terminated.

12. The Agreement (including any and all exhibits attached thereto) and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of the Telephone Consumer Protection Act or any other statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Zack Group or Lynn Care or the truth of any of the claims. Defendants do not admit that Plaintiff or the proposed Settlement Class were damaged in any way, and in fact expressly deny the same. Defendants do not admit any liability, wrongdoing, or fault, and this Settlement should not be construed in whole or in part as an admission on the part of Defendants of any liability, wrongdoing, or fault. Defendants agree to seek approval of this settlement to avoid the burden and expense of litigation, only.

13. If for any reason whatsoever this Settlement fails to become effective for any reason, the certification of the Settlement Class shall be void and the Parties and the Action will return to the status quo as it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding. No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiff, any person in the Settlement Class, Zack Group, Lynn Care or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

14. In the event for any reason, the settlement agreement is terminated or fails to become effective, then it shall be null and void, and no stipulation, representation or assertion of fact made in the settlement agreement or in the Term Sheet may be used by any Party. The Parties shall, to the fullest extent possible, be returned to their respective positions in the Litigation as of the date of the Agreement, and Defendants will not be deemed to have waived any of their personal jurisdiction defenses.

15. In the event that any provision of the Agreement or this Final Approval Order is asserted by Zack Group or Lynn Care as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

16. Class Counsel have moved pursuant to FED. R. CIV. P. 23(h) and 52(a) for an award of attorneys' fees and reimbursement of expenses. Pursuant to

Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

  a. that the settlement confers substantial benefits on the Settlement Class Members;

  b. that the value conferred on the Settlement Class is immediate and readily quantifiable (upon this Judgment becoming Final (as defined in the Agreement), Settlement Awards shall be paid by check or electronic deposit at the election of the class member. If no method is elected, the Claims Administrator shall make an electronic payment (PayPal or Amazon) to the e-mail that was sent the notice. If electronic payment was not successful, a check will be mailed to the Settlement Class Member if an address was obtained and not returned as undeliverable;

  c. that Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

  d. that the settlement was obtained as a direct result of Class Counsel's advocacy;

  e. that the settlement was reached following extensive negotiation between Class Counsel and Counsel for Zack Group and Lynn Care, and that the settlement was negotiated in good-faith and in the absence of collusion;

  f. that Settlement Class Members were advised in the Class Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees in the amount in an amount of up to $500,000 plus reasonable

expenses incurred in the prosecution of the Litigation, to be paid from the Settlement Fund;

    g.    No member of the Settlement Class has submitted written objection to the award of attorneys' fees and expenses;

    h.    that counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. See, e.g., Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980); Blum v. Stenson, 465 U.S. 886, 900 n.16 (1984) The requested fee award is consistent with other fee awards in this Circuit. See Koenig v. United States Bank N.A. (In Re United States Bancorp Litig.), 291 F.3d 1035, 1038 (8th Cir. 2002) (affirming class attorneys' award of 36%). Accordingly, Class Counsel are hereby awarded $500,000.00 for attorney fees and $21,418.00[1] for reimbursed expenses from the balance of the Settlement Fund, which the Court finds to be fair and reasonable as well as approximate to the fees that the lawyers and their clients would have agreed to at the outset of the litigation given the suit's risks, competitive rates in the market, and related considerations and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement.

17.    The Class Representative, as identified in the Preliminary Approval Order, is hereby compensated in the amount of $10,000.00 for his efforts in this case. See Caligiuri v. Symantec Corp., 855 F.3d 860, 863 (8th Cir. 2017); Tussy v. ABB, Inc., 850 F.3d 951, 962 (8th Cir. 2017) ("[i]ncentive awards compensate lead plaintiffs for their

---

[1] The amount of reimbursed expenses was amended as discussed in the settlement approval hearing held on May 18, 2020.

work and the benefit they have conveyed on the rest of the class"); Lees v. Anthem Ins. Cos., 2015 U.S. Dist. LEXIS 74902, *10–11 (E.D. Mo. 2015) (citing cases and approving service award of $10,000 for named Plaintiff).

**IT IS SO ORDERED, ADJUDGED AND DECREED.**


Date:  May 18, 2020
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
United States District Judge